IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UTTAM GALVA NORTH AMERICA, INC., and § <br> UTTAM GALVA STEELS LIMITED § <br> § <br> vs. § <br> § <br> M/V AS ELENIA, *her tackle, apparel, furniture,* § <br> *equipment, etc., et al.,* § | C.A. NO. _____ <br> ADMIRALTY |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Uttam Galva North America, Inc. and Uttam Galva Steels Limited, bring this Original Complaint against Defendants, the *M/V AS ELENIA*, *in rem*, and Nordic Elenia Ltd. (Nordic Elenia), Blue Squared AG (Blue Squared) and Oldendorff Carriers GmbH & Co KG (Oldendorff), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to a maritime cargo, breach of a maritime contract and/or a maritime tort.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Plaintiff, Uttam Galva North America, Inc., is a Foreign Business Corporation organized under the laws of Delaware with its principal place of business at 1500 Broadway, New York, New York 10036.  Plaintiff, Uttam Galva Steels Limited, is a foreign business entity organized under law in India with its principal place of business in Mumbai, India.

3.      On information and belief, the property that is the subject of this *in rem* action, the *M/V AS ELENIA*, is an ocean–going general cargo ship built in 2011, registered under law in

Liberia (Liberian flag), bearing International Maritime Organization (IMO) No. 9485899 and weighing approximately 23,443 gross tons, and is engaged in the carriage of cargo to and/or from ports in the United States. That property is or will be within the Southern District of Texas while this action is pending.

4. At all times material, on information and belief, Nordic Elenia was the registered owner of the *M/V AS ELENIA*, operating her as a common carrier of goods by water for hire between various foreign ports and the Port of Houston. Nordic Elenia is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Nordic Elenia is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Nordic Elenia may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Nordic Elenia has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Nordic Elenia is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Nordic Elenia with a summons is effective to establish personal jurisdiction over it. At the time of filing this Complaint, the *M/V AS ELENIA* is berthed at Care Terminal, at the Port of Houston. Nordic Elenia can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or

other deck officer on duty. Alternatively, Nordic Elenia can be served by serving the Texas Secretary of State.  Process or notice can be sent to Nordic Elenia at its home office at: to be determined.

5. At all times material, on information and belief, Blue Squared was the disponent owner of the *M/V AS ELENIA*, operating her as a common carrier of goods by water for hire between various foreign ports and the Port of Houston.  Blue Squared is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Blue Squared is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Blue Squared may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Blue Squared has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Blue Squared is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Blue Squared with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the *M/V AS ELENIA* is berthed at Care Terminal at the Port of Houston.  Blue Squared can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty. Alternatively, Blue Squared can be served by serving the Texas Secretary of

State.  Process or notice can be sent to Blue Squared at its home office at Taubenstrasse 32, Bern, Bern 3011 Switzerland.

6. At all times material, on information and belief, Oldendorff was the charterer of the *M/V AS ELENIA*, operating her as a common carrier of goods by water for hire between various foreign ports and the Port of Houston.  Oldendorff is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Oldendorff may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Oldendorff has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Oldendorff is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Oldendorff with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the *M/V AS ELENIA* is berthed at Care Terminal at the Port of Houston.  Oldendorff can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty.  Alternatively, Oldendorff can be served by serving the Texas Secretary of State.  Process or

notice can be sent to Oldendorff at its home office at Emporio Tower, Valentinskamp 70, 20355 Hamburg, Germany.

7. Plaintiff, Uttam Galva Steels Limited, tendered a cargo of steel coils in good order and condition to Defendants at Mumbai Port, on or about December 19, 2016. On or before that date, Defendants had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Philadelphia, Houston and New Orleans the cargo in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued the Bills of Lading, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the *M/V AS ELENIA*. The Bills of Lading are listed on Exhibit 1.

8. Thereafter, on or about January 25-26, 2017 and February 4-7, 2017, the *M/V AS ELENIA* respectively arrived at the Ports of Camden, New Jersey, and Houston, Texas where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was damaged by denting, being out of round and having been compressed and/or otherwise physically damaged. Though not yet discharged similar damage was observed on many coils destined for the Port in New Orleans for discharge. The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the *M/V AS ELENIA*.

9. Plaintiffs proximately has sustained damages exceeding the amount of $1,200,000.00 as presently as can be determined, demand for which has been made upon Defendants, but which they refuse to pay.

10. At all times material, Plaintiffs owned the cargo and brings this action for themselves and/or as agents and/or trustees for all persons or entities, including any marine cargo underwriters, that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Uttam Galva North America, Inc. and Uttam Galva Steels Limited, pray that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the *M/V AS ELENIA*, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interests, and costs; the *M/V AS ELENIA* be condemned and sold to satisfy the damages aforesaid; and that,

This Honorable Court adjudge that the *M/V AS ELENIA*, *in rem*, and Nordic Elenia Ltd., Blue Squared AG and Oldendorff Carriers GmbH & Co KG, *in personam*, are liable to Plaintiffs, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, Court costs and all other relief as justice and equity allow.

Respectfully submitted,

*//s// Jeffrey R. Bale*
Jeffrey R. Bale
Federal ID No. 3324
State Bar No. 01629800
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:   (281) 295-6000
Facsimile:   (281) 295-6010
Email: jbale@balelawfirm.com
*Attorney for Plaintiff,*
*Uttam Galva North America, Inc. and*
*Uttam Galva Steels Limted*

OF COUNSEL:
Lewis E. Henderson
THE BALE LAW FIRM, PLLC
State Bar No. 09424750
Fed. I.D. No. 15230
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:   (281) 295-6000
Facsimile:   (281) 295-6010
Email: lhenderson@balelawfirm.com
*Attorney for Plaintiff,*
*Uttam Galva North America, Inc. and*
*Uttam Galva Steels Limted*